Sutliff, J.
It is difficult to perceive upon what ground the judgment of nonsuit, shown by the record, was rendered. "When the defendant’s counsel, under leave to amend, had withdrawn all that part of the answer that denied the killing of decedent by the wrongful carelessness of defendant’s servants, in operating their locomotive, there remained no denial of the right of action.
The case presented by the record, was an. averment in the petition, and an admission by the answer, of the facts constituting, by the express provisions of section 1 of the statute, a good cause of action against the defendant. The acts alleged in the petition and so admitted in the answer, if death had not ensued, would obviously have entitled the party so injured to an action for damages against the defendant. ¿Therefore, in the language of section 1, “then, and in every such case, the corporation, which would have been liable if death had not ensued, shall be liable to an action for damages” upon the death of the person by reason of the injuries.
It is also provided by section 2, that such right of action shall be brought by and in the name of the personal representative of the deceased; and the action in this case was so brought.
There being, then, a right of action shown, and the proper parties plaintiff and defendant in court, it could not be said that any cause for nonsuit existed. Eor, whether *Jacob Fox, the son of the deceased, or Anna Fritz, her sister, who is shown by the record to have been in .court, was to be regarded nearest of kin, could in nowise affect the cause of action. That question might be a very proper one to be settled in determining who in fact was the legal beneficiary, and finally to be adjudged entitled to the fruits of the judgment; but it could at most only affect the amount of damages. *223 The right of action, in either case, existed, by force of the statute, in the administrator.
But it is quite evident that the nearness or remoteness of kin on the part of the son of the deceased mother, neither in fact nor by any canon of descent under the statute, depended at all upon the circumstance of his being born within or without lawful wedlock.
The judgment of the district court must therefore be reversed and the cause remanded.

Judgment accordingly.

Brinkerhofe, C. J., and Scott, Peck, and G-holson, JJ., concurred.